IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Daniel Lee Cobbs, #268054,<br><br>                    Petitioner,<br><br>    vs.<br><br>Michael McCall, Warden of Perry<br>Correctional Institution; Henry D.<br>McMaster, Attorney General for<br>the State of South Carolina,<br><br>                    Respondents. | Civil Action No. 6:09-528-CMC-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently incarcerated at the Perry Correctional Institution with the South Carolina Department of Corrections pursuant to the Dorchester County Clerk of Court's orders of commitment. The Dorchester County Grand Jury indicted the petitioner at the May 2000 term of General Sessions for murder (2000-GS-18-375) for the homicide of Annettea Cobbs on March 13, 2000. Attorney Marva Hardee-Thomas represented the petitioner. On July 19-20, 2000, the petitioner went to trial by jury

and was found guilty as indicted. The Honorable Luke N. Brown sentenced the petitioner to confinement for his natural life.

A timely notice of appeal was filed on the petitioner's behalf. The petitioner was represented in the appeal by Robert M. Pachak of the South Carolina Office of Appellate Defense. On July 26, 2001, counsel made a Final *Anders* Brief of Appellant, raising as the sole arguable claim: "[W]hether the trial court erred in refusing to charge the jury with the lesser included offense of voluntary manslaughter?" The petitioner did not file a *pro se* response. The South Carolina Court of Appeals dismissed the appeal. *State v. Cobbs*, Op. No. 2002-UP-134 (S.C. Ct. App. filed February 21, 2002). The remittitur was entered on March 26, 2002. No petition for rehearing was made to the Court of Appeals. Necessarily, no petition for writ of certiorari was available to the South Carolina Supreme Court. The matter was final with the filing of the remittitur on March 26, 2002.

The petitioner made an application for post-conviction relief on April 22, 2002. *Cobbs v. State*, 02-CP-18-649. In the application he alleged:

(1) Ineffective Assistance of trial counsel.

(2) Ineffective assistance of appellate counsel.

(3) Denial of Due Process.

The respondents made a return to the application on October 30, 2002. On April 26 -27, 2005, an evidentiary hearing was held before the Honorable Diane S. Goodstein. The petitioner was present and represented by Norbert S. Cummings, Jr., and Henry R. Schlein. The respondents were represented by Assistant Attorney General Paula S. Magargle. Testimony was received from trial counsel Marva Hardee-Thomas and the petitioner. On July 22, 2005, Judge Goodstein filed an order of dismissal dated July 19, 2005.

The petitioner made a timely appeal to the South Carolina Supreme Court. In the appeal, he was represented by Wanda H. Carter, Deputy Chief Appellate Defender

2

of the South Carolina Office of Appellate defense. On February 16, 2006 , counsel made a petition for writ of certiorari raising the following questions:

> (1) Did trial counsel err in failing to request charges on the law of accident and involuntary manslaughter?
>
> (2) Did trial counsel err in failing to object to the trial judge's refusal to charge the law on voluntary manslaughter?
>
> (3) Did trial counsel err in failing to object to the "prior difficulties " evidence?
>
> (4) Did trial counsel err in failing to put forth a mental illness defense and request a charge on the same at trial?
>
> (5) Did the PCR court err in denying petitioner's allegation in effect that he did not voluntarily and intelligently waive his right to testify at trial?
>
> (6) Did trial counsel err in failing to object to the trial judge's reasonable doubt instructions?

On July 3, 2006, the respondents made a return to the petition for writ of certiorari. On May 21, 2008, the South Carolina Court of Appeals entered its order denying the petition for writ of certiorari. *Cobbs v. State*, Order, (S.C. Ct. App. May 21, 2008) (order denying certiorari). On June 6, 2008, the Court of Appeals entered its remittitur.

In his petition now before this court, the petitioner makes the following allegations as to why he is being held in custody unlawfully:

> I. Trial court errors:
>
> A. Trial court erred in refusing to instruct on voluntary manslaughter. [raised in direct appeal Anders Brief].
>
> B. Trial court erred in admitting, over objection, unnecessarily prejudicial photograph of Petitioner Cobbs after his arrest [State Exhibit 11] through Officer Robert Gabriele.
>
> C. Trial court erred in ruling, over objection, that a photograph of the victim would be admitted. He asserted

3

> that this forced his lawyer to stipulate to keep the photograph out.
>
> II.   Ineffective Assistance of Counsel Claims:
>
> > A.   Counsel failed to object under SCRE Rules 401, 403, 404(b) to evidence of "prior difficulties" during witness Nicole Nettleford's testimony,
> >
> > B.   Counsel failed to object to Regina Baxter's testimony as hearsay testimony in a telephone call that he was going to put the victim "eight feet under."
> >
> > C.   Counsel failed to put forward a mental health defense.

On July 10, 2009, the respondents filed a motion for summary judgment. By order filed August 7, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion for summary judgment on September 10, 2009.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## UNDERLYING CASE

The background of the underlying case was set forth by the petitioner's appellate counsel in the final *Anders* brief as follows:

> [The petitioner] was tried in the shooting death of his estranged wife [Annettea Cobbs]. She died from four bullet wounds to the

5

> head. [The petitioner] admitted in a statement given to the police that he shot his wife. [The petitioner] told the authorities on the evening of the shooting, he argued with his wife over drinking and marijuana. He pulled out a .22 caliber handgun and held it to the victim's head. She told him if you're going to do it, just go ahead and do it. The gun accidentally went off, striking the victim in the head with a bullet. [The petitioner] felt sorry for the victim because she was suffering and he fired three to four more rounds into her head to put her out of her misery (Tr. 298-99).

(Final *Anders* brief at 5).

## ANALYSIS

*Ground One*

In his first allegation in ground one, the petitioner asserts that the trial court erred in failing to instruct on the offense of voluntary manslaughter. The record reveals that at the conclusion of the State's case, the petitioner's trial counsel entered a request for jury charge on voluntary manslaughter (App. 496). The Solicitor had an objection to the instruction (App. 496-97). Counsel Hardee Thomas claimed that the evidence presented at trial supported the request. She asserted that the petitioner told Officer Gabriele that he accidentally shot his wife and then shot her three more times to put her out of her misery (App. 497). She further stated that he claimed that he and his wife were arguing over the fact that she was smoking marijuana, and the gun accidentally went off. She claimed that they did not know who had the gun or where it came from, but that three shots were fired again by the petitioner after the first shot (App. 498). She conceded that there was no evidence of anyone putting someone else in fear. *Id*. The State argued that there was no information in the record to support manslaughter, but that there was evidence of both expressed and implied malice beginning two months prior to the murder, including:

> (1) the statement of witness Nettleford about an earlier confrontation and the petitioner's comment to his wife that he wanted her "six feet deep";

6

> (2) the telephone call the next month where witness Baxter heard the petitioner state to his wife:""Annettea, you bitch. I'm going to fuck you up. You wait, bitch, I'm going to put you eight feet under";
>
> (3) the intentional use of a deadly weapon;
>
> (4) and the fact that the victim was an unarmed woman shot four times from five to six inches away (App. 499-500).

The Solicitor relied upon *State v. Ivey*, *State v. Rogers*, and *State v. Locklair* in support of his argument (App. 499-501). Judge Brown denied the motion (App. 504).

The petitioner raised this issue in the Final *Anders* Brief of Appellant as the sole arguable ground. The Court of Appeals dismissed the appeal and granted counsel's request to withdraw.

In *Beck v. Alabama*, 447 U.S. 625 (1980), the United States Supreme Court held that Alabama was constitutionally prohibited from restricting a judge from giving the jury the option of convicting a defendant of a lesser included offense when the defendant is tried for a capital offense. *Id.* at 638, 645. According to the Court, a death sentence is not constitutionally imposed when the jury has not been given the option to consider lesser included non-capital offenses where the evidence would have supported a verdict of guilty on the lesser included offense. *Id.* at 627. However, the Court specifically limited its holding to capital cases and declined to decide whether due process requires lesser included instructions in non-capital state trials. *Id.* at 638 n.14. Thus, as argued by the respondent, the petitioner cannot show that the state court's decision not to charge the jury on voluntary manslaughter was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See Bates v. Bodison*, C.A. No. 0:08-2273-HMH-JPG, 2009 WL 2423766, *4 (D.S.C. 2009). Further, the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at trial in the state court proceeding. "Voluntary

7

manslaughter is the unlawful killing of another in sudden heat of passion upon sufficient legal provocation." *Bell v. State*, 467 S.E.2d 926, 927 (S.C. 1996). Here, there is no evidence of sufficient legal provocation. Accordingly, this issue is without merit.

In his second allegation in ground one, the petitioner claims that the court erred in admitting his photograph as State's Exhibit 11. The record reflects that counsel objected to the admission of the petitioner's photograph arguing that the photograph looked like a mug shot (App. 301- 02). The State argued that the photograph was taken after the petitioner was taken into custody, and it showed the petitioner in the same clothing that witnesses had described him as wearing (App. 301-02; *see* App. 286 (dark-colored Nike sweatshirt with hood and blood on his jeans)). The court noted that there was already evidence in the record that the petitioner was under arrest and that was the way he was dressed (App. 302). Accordingly, the trial court overruled the objection (App. 302).

In his third allegation in ground one, the petitioner argues that the trial judge erred in concluding that a photograph of the victim, State's Exhibit 13, would be admissible, which forced his trial counsel to stipulate to keep the photograph out of evidence. The State asserted that State's Exhibit 13 was necessary to the forensic analyst's opinion concerning the abrasions to the victim's head and to corroborate the pathologist's testimony about the bruises on the victim (App. 334). He noted that the demonstrative items were not to scale, whereas the photograph did have a ruler which made it to scale. The State asserted at trial that it was willing to withdraw the picture if the petitioner's counsel would stipulate that the photo was taken of the victim's face with a scale and that the abrasions match up with the car console (App. 334). Judge Brown noted that there was already testimony in the record that the victim was shot in the face and that there was blood on the petitioner's clothes and hands and the car floor (App. 335). Counsel stated that in order to keep the photograph out she would stipulate that the State could introduce the console, that the forensic analyst would testify that he took a scale picture of the console and of the

8

victim's face, and that he would testify that two abrasions where the victim was hit matched up and that the impression on the victim's face is consistent with the configuration of the console (App. 336-37). The State and defense counsel so stipulated, and the photograph was not introduced (App. 336-37).

Neither the second nor the third allegation in ground one were raised in any brief in the direct appeal. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. In order to raise a claim of actual innocence, a prisoner "must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner here has made no such showing.

The petitioner argues that since his appellate counsel filed an *Anders* brief the claim is not procedurally barred because a complete examination, as required by *Anders*, 386 U.S. 738, 744 (1967), of the proceedings by the Court of Appeals would have included these issues. The United States Supreme Court has held that the *Anders* review procedure is prophylactic and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. *Smith v. Robbins*, 528 U.S. 259, 273 (2000).

The South Carolina Supreme Court recently stated as follows with regard to its *Anders* procedure:

> Under this procedure, a decision of the Court of Appeals dismissing an appeal after conducting a review pursuant to *Anders* is not a decision on the merits of the appeal, but simply reflects that the appellate court was unable to ascertain a nonfrivolous issue which would require counsel to file a merits brief. A decision of this nature does not meet the "special and important" standard established by Rule 226(b) and this Court's decisions concerning petitions for writs of certiorari to the Court of Appeals. Accordingly, we deny the petition for a writ of certiorari in this matter. This Court will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review.

*State v. Lyles*, 673 S.E.2d 811, 813 (S.C. 2009). Based upon the foregoing, these allegations are procedurally barred.

Furthermore, this court finds that the second and third allegations in ground one fail on the merits. Federal habeas relief does not lie for errors of state law. At most, habeas review, therefore, is limited to a consideration of whether any prejudice from the admission of the evidence so outweighed its probative value as to give rise to "circumstances impugning fundamental fairness or infringing specific constitutional protections." *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960). The petitioner has failed to show any prejudice from the admission of his photograph after arrest. Furthermore, the photograph of the victim was never published to the jury based upon the stipulation between the Solicitor and defense counsel.

***Ground Two***

In ground two, the petitioner alleges his trial counsel was constitutionally ineffective in three specifications: failing to object to prior difficulty evidence, failing to object to the petitioner's own statement as hearsay, and failing to put up a mental health defense. Each of these claims were raised and denied in the state PCR action and specifically raised in the certiorari petition, which was denied.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689.

During the trial, Nicole Nettleford testified that on January 17 she was with the victim, Annettea Cobbs, and saw a physical assault between the petitioner and Ms. Cobbs (App. 204-05). She described hearing the petitioner state to the victim: "I'll see you six feet deep" (App. 204-05). No objection was made to this testimony. Regina Baxter, the victim's stepmother, testified that on February 27, she received a telephone call from Ms. Cobbs and that the petitioner was on the telephone also. She described hearing the petitioner state over the telephone: "Annettea, you bitch. I'm going to fuck you up. You wait, bitch, I'm going to put you eight feet under" (App. 216-17). No objection was made to this testimony.

The petitioner contends that trial counsel was ineffective for failing to object to the foregoing testimony. At the PCR hearing, trial counsel testified that she did not feel testimony was objectionable (App. 695-96). Trial counsel also testified that it was her trial

11

strategy not to object to the testimony because she did not want to draw the jury's attention to it (App. 696-97).

The PCR court found trial counsel's testimony was credible, and the petitioner's testimony was not credible and further found that counsel articulated a valid strategic reason for not objecting. The PCR court concluded that the petitioner proved neither prong of the *Strickland* test, and the allegation of ineffective assistance of counsel was denied (App. 769-70).

First, as argued by the respondent, the evidence was not inadmissible as a matter of state law. The petitioner contended at trial that the first time he shot the victim was accidental. In *Anderson v. State*, 581 S.E.2d 834 (S.C. 2003), the Supreme Court of South Carolina addressed whether testimony regarding a defendant's prior threatening statement to a victim and a prior assault were inadmissible prior bad acts. The court reasoned:

> Rule 404, SCRE, the modern expression of the *Lyle* rule, excludes "evidence of other crimes, wrongs, or acts" offered to "prove the character of a person in order to show action in conformity therewith." Rule 404(b), SCRE. The rule creates an exception when the testimony is offered to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent. *Id.*
>
> Anderson's threatening statement to Glover is not a prior bad act. *See State v. Beck*, 342 S.C. 129, 134, 536 S.E.2d 679, 682 (2000); *see also State v. Braxton*, 343 S.C. 629, 636, 541 S.E.2d 833, 836-37 (2001). As such the bar against admitting prior bad acts is not applicable.
>
> Further, *Lyle* is inapplicable to the testimony of Anderson's slapping Glover. A defendant's prior bad act is admissible if it forms part of the *res gestae* of the crime. *See State v. Bolden*, 303 S.C. 41, 43, 398 S.E.2d 494, 495, n. 1 (1990); *see also State v. Smith*, 309 S.C. 442, 451, 424 S.E.2d 496, 501 (1992) (Toal, J., dissenting).
>
> Evidence of other crimes is admissible under the *res gestae* theory when the other actions are so intimately connected with

12

> the crime charged that their admission is necessary for a full presentation of the case. *State v. Adams*, 322 S.C. 114, 122, 470 S.E.2d 366, 370-71 (1996).

*Id.* at 835-36. The testimony at issue here was similarly admissible.

Further, the statements were not inadmissible hearsay. As argued by the respondent, the statements were statements against interest by the petitioner and further revealed his state of mind. In addition to listening to trial counsel's testimony, the PCR court reviewed the record and found that trial counsel objected to witness testimony where appropriate and refrained from doing so where an objection would have been inappropriate or contradictory to counsel's trial strategy. Trial counsel's testimony demonstrated that she employed a reasonable trial strategy regarding when to examine a witness and when to make certain objections. The petitioner failed to show that counsel was deficient in her choice of tactics. Furthermore, the petitioner failed to show that the statements were improper such that any objections would have been sustained or the outcome of the trial would have been different but for counsel's deficiency. The petitioner has not presented any probative evidence that shows the PCR court unreasonably applied federal law or that the PCR court made an unreasonable determination of the facts in light of the facts before it. Accordingly, the claim fails.

Lastly, the petitioner argues that trial counsel was ineffective for failing to "put forward a mental health defense." Under South Carolina law, an insanity defense is available only if "at the time of the commission of the act constituting the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong." S.C. Code Ann. § 17-24-10(A).

On direct examination, trial counsel testified at the PCR hearing that the petitioner was mentally evaluated on two occasions (App. 690). Trial counsel further testified that the results of the evaluations indicated the petitioner was competent (App.

13

690). Trial counsel also indicated that she had no problems communicating with the petitioner (App. 695). Furthermore, the trial court conducted a *Blair* hearing. Expert witness testimony at the hearing indicated that the petitioner was able to distinguish right from wrong and had the ability to conform his actions to the law at the time of the crime. The trial court found the petitioner to be competent at the *Blair* hearing (App. 102).

The PCR court found trial counsel's testimony to be credible and the petitioner's testimony to be not credible. The court further found that the petitioner failed to prove either prong of the *Strickland* test (App. 772). The petitioner has not presented any probative evidence that shows the PCR court unreasonably applied federal law or that the PCR court made an unreasonable determination of the facts in light of the facts before it. Accordingly, the claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 20) be granted.

s/William M. Catoe
United States Magistrate Judge

January 29, 2010
Greenville, South Carolina