IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Daniel Lee Cobbs, #268054, ) | C/A NO. 6:09-528-CMC-WMC |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Michael McCall, Warden of Perry ) | |
| Correctional Institution; Henry ) | |
| D. McMaster, Attorney General for the ) | |
| State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation ("Report"). On January 29, 2010, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on February 16, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order except as noted below relating to Petitioner's first ground for relief.

**FIRST GROUND FOR RELIEF: TRIAL COURT ERRORS**

Petitioner's first ground for relief goes to several alleged errors committed by the state trial court. Each of the three issues raised by Petitioner in his first ground for relief was preserved for state appellate review by Petitioner's state trial counsel, but only one claim (that the trial court should have charged voluntary manslaughter to the jury) was specifically included in Petitioner's appeal brief.

The Report indicated that the second and third error contained in Petitioner's first ground for relief are procedurally barred. Because the law in South Carolina on this issue is uncertain, this court disagrees and therefore discusses the merits of these two alleged errors.

**1. EXHAUSTION**

Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising only one of the issues for review which Petitioner now asserts in his first ground for relief in this § 2254 petition. Petitioner did not file a supplemental appeal brief addressing any additional issues he sought to raise. The Magistrate Judge concluded that because two out of the

2

three issues raised by Petitioner in this first ground for relief were not specifically presented to the South Carolina Court of Appeals on direct appeal, these issues were procedurally defaulted, and habeas review of these claims (both relating to the admission of certain photographs) is therefore precluded in this court. In the alternative, the Magistrate Judge found that all three of the issues raised in Petitioner's first ground for relief are without merit.

The Magistrate Judge determined that because Petitioner's appellate counsel filed an *Anders* brief[1] which did not include these issues and Petitioner did not himself raise these claims in a *pro se* brief, these claims are procedurally barred from review by this court. However, it is unclear whether issues preserved at trial (or, for that matter, in Post-Conviction Relief (PCR) proceeding), but not raised in an *Anders* brief in South Carolina courts, are deemed to have been considered and dismissed on the merits by a South Carolina appellate court.[2]

In *State v. McKennedy*, the South Carolina Supreme Court found that an *Anders* brief triggers a "full examination of the proceedings [in the court below] on its own." 559 S.E.2d 850,

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] Some courts have held that an issue not presented in an *Anders* brief or in a *pro se* brief has not been reviewed on the merits. *See Jorge v. United States*, 818 F.Supp. 55, 57 (S.D.N.Y. 1993) ("Having been thus placed in the possession of all of the facts relating to these claims, it is not sufficient for [Petitioner] to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an *Anders* brief because that counsel did nothing to prevent [Petitioner] from filing his pro se brief."); *Basnight v. Keane*, No. 99-4826, 2000 WL 1100331 at * 4 (E.D.N.Y. Aug.1, 2000); but *cf. Greene v. Bartlett*, 213 Fed.Appx. 597, 599 n. 2 (9th Cir. 2006) ("Our holding here is limited to circumstance where, as here, the state court is not required to fully examine the record for error. . . . We do not reach the question whether federal claims are exhausted by appending prior pleadings to the appeal when the state court is required to engage in an independent review of the entire record, as when counsel seeks to withdraw and submits an *Anders* brief. (Citations omitted)"). Further, the United States Supreme Court has held that the *Anders* review procedure is prophylactic, and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. *Smith v. Robbins*, 528 U.S. 259, 272-73 (2000).

855 (S.C. 2002). However, *McKennedy* did not answer the question whether an issue otherwise preserved for review but not presented in either an *Anders* brief or in a *pro se* brief filed in response to the filing of an *Anders* brief is deemed to have been reviewed by the appellate court when it conducts a "full examination of the proceedings" such that it would be properly exhausted for purposes of federal habeas review.

Therefore, as it appears this issue is unsettled, out of an abundance of caution, the court will review the merits of Petitioner's claims in this ground for relief.

### 2. FAILURE TO GIVE JURY INSTRUCTION – VOLUNTARY MANSLAUGHTER

Petitioner contends that he was entitled to a jury charge on voluntary manslaughter, and that the trial court's failure to give such a charge violated due process. Petitioner clarifies in his objections that the State of South Carolina has created a "procedural due process" right under the "any evidence rule," which Petitioner argues entitled him to the jury charge in question.

Petitioner's trial counsel requested that the jury be charged regarding voluntary manslaugher, and the State objected. After presentation of argument, the trial court ruled: "I deny your motion. I don't think that the evidence supports [a] voluntary manslaughter [instruction], and I deny it." Attachment 13 to Return to Petition at 8 (App. 504) (Dkt. # 19-13, filed July 10, 2009).

Assuming for purposes of this petition that Petitioner's due process argument is not barred from consideration on the merits in this court, 28 U.S.C. § 2254(d) only permits this court to grant habeas relief on state court adjudications which "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

4

U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (plurality opinion) (discussing § 2254(d)). "The phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' requires that federal courts assess the validity of the inmate's claims based on the holdings of the Supreme Court 'as of the time of the relevant state-court decision.'" *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005) (citing *Williams v. Taylor*, 529 U.S. at 412).

Section 2254(d) requires that "state court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). "Readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Id.* Additionally, "[w]hen the state court decision being reviewed by a federal habeas court fails to provide any rationale for its decision, [a federal court] still appl[ies] the deferential standard of review mandated by Congress . . . ." *Fullwood v. Lee*, 290 F.3d 663, 677 (4th Cir. 2002) (citing *Bell v. Jarvis*, 236 F.3d 149, 158, 163 (4th Cir.2000) (en banc)).

In *Beck v. Alabama*, 447 U.S. 625 (1980), the Supreme Court held that capital defendants have a constitutional right to receive a jury instruction on a lesser-included offense "when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense--but leaves some doubt with respect to an element that would justify conviction of a capital offense." *Id* at 637. The Supreme Court later cautioned, however, that "due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Hopper v. Evans*, 456 U.S. 605, 611 (1982).

The Fourth Circuit has not, in a published opinion, addressed the question of whether due process requires that a trial court instruct a jury on lesser included offenses in non-capital cases. In

5

*Robinson v. North Carolina Attorney General*, 238 F.3d 414, 2000 WL 1793060, *1 (4th Cir. Dec.7, 2000) (Table), the court explained that "the Supreme Court has never held that due process requires lesser-included instructions in non-capital state trials . . . [and] a review of decisions from other courts of appeals establishes that there is no consensus on this question. Consequently, a decision in [Petitioner's] favor would require the enunciation and retroactive application of a new rule, in violation of § 2254(d)(1) and *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)." Therefore, this court declines to determine that due process requires such an instruction in this instance.

Petitioner provides no support for his contention that South Carolina's "creation" of a "due process right" has been recognized by or has any support in "clearly established Federal law." Therefore, this claim is without merit. Accordingly, the court finds that the state court's decision not to charge the jury on the lesser offense of voluntary manslaughter was not contrary to or an unreasonable application of clearly established Federal law as decided by the United States Supreme Court, and Petitioner's claim regarding failure to give a jury instruction on voluntary manslaughter is rejected on this basis.

### 3. ADMISSION INTO EVIDENCE OF PHOTOGRAPHS

Both of Petitioner's remaining claims in his First Ground for Relief relate to the admission into evidence of certain photographs by the trial court. These claims are, quintessentially, assertions regarding state law issues, and are therefore inappropriate for habeas review under § 2254. Petitioner argues in his objections that the Report fails to "consider[ ] the magnitude of unfairly prejudicial impact these two issues had upon the Petitioner's ability to defend before a reasonably impartial and unbiased Jury[,]" Obj. at 11 (Dkt. # 31, filed Feb. 16, 2010), and that "'an abuse of

discretion characterized by a prejudicial error of law' is [at] least, a Due Process violation . . . ." *Id*. at 12. As noted above, however, although a petitioner need not "cit[e] book and verse on the federal constitution" in order to satisfy the exhaustion requirement, *Picard*, 404 U.S. at 278, the federal claim nevertheless must be "fairly presented" to the state court, *id*. at 275. Fair presentation mandates that the federal claim "be presented face-up and squarely. . . . Oblique references which hint that a theory may be lurking in the woodwork will not suffice." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). This "due process" issue was not fairly presented to the state court, and it would be procedurally barred from consideration in this court.

For purposes of this petition, however, assuming that this issue had been properly presented and preserved for review by the state appellate court, Petitioner's assertion regarding a purported violation of due process has no merit. As to the "mugshot" photograph, there had already been testimony by law enforcement personnel and Petitioner's mother that Petitioner's clothes were bloody, and that his hands were covered in blood. Therefore, admitting this photograph into evidence could not have been so prejudicial so as to violate Petitioner's due process rights where it corroborated testimony already given. As to the second photograph (a large scale photo of the decedent's face showing certain abrasions), this photograph was never published to the jury. Petitioner argues that the trial court's error in admitting the photograph into evidence "forced" his trial counsel to stipulate to certain evidence "when other less prejudicial but equally probative evidence was available . . . ." Obj. at 14. Petitioner contends that this stipulation required trial counsel to "abandon compelling defensive arguments against the theory sought to be introduced by the state." *Id*. Despite Petitioner's contention that trial counsel was forced to abandon "compelling defensive arguments," he provides no evidence of what those "compelling" arguments would have

been. Therefore, this claim is also without merit.

As to Petitioner's First Ground for Relief, therefore, Respondents are entitled to summary judgment and it is dismissed with prejudice.

**SECOND GROUND FOR RELIEF: INEFFECTIVE ASSISTANCE OF COUNSEL**

The Report concludes that Respondents are entitled to summary judgment on Petitioner's Second Ground for Relief relating to several claimed instances of ineffective assistance of counsel. Petitioner argues in his objections that the Report's conclusions relating to this ground for relief are erroneous, and that he "clearly demonstrated that trial counsel did not employ a reasonable trial strategy" in the pursuit of his defense at trial. Obj. at 21.

However, the question for this court on the deferential review required under § 2254 is whether the state PCR court's determination of Petitioner's ineffective assistance of counsel claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner contends in his objections that it is "not out of the realm of possibility that had" counsel not been ineffective, "the trial judge quite reasonably may have" ruled in Petitioner's favor on his asserted claims. Obj. at 22. However, these assertions are insufficient to provide evidence of "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Therefore, Petitioner's Second Ground for Relief is rejected, and Respondents are entitled to summary judgment.

8

**CONCLUSION**

Based on the foregoing and the Report issued by the Magistrate Judge, Respondents' motion for summary judgment is **granted** in its entirety and this petition is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**[3]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 16, 2010

---

[3] On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254 Rule 11(a).